IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT LEE WINFIELD, JR., | : | CIVIL ACTION NO. **3:CV-06-0583** |
| Petitioner | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

On March 21, 2006, Petitioner, Robert Lee Winfield, Jr., a federal inmate at the United States Penitentiary at Allenwood, Pennsylvania, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner also filed a Motion for Leave to proceed *in forma pauperis*. (Doc. 3).[1] Petitioner incorrectly names the United States of America as Respondent when the Warden at USP-Allenwood is the proper Respondent. *See* 28 U.S.C. § 2242 & § 2243.[2]

---

[1] A Certificate attached to the Habeas Petition signed by a case manager at the prison, indicates that Petitioner has $19.79 in his prison account. (Doc. 1, p. 10). Thus, we shall recommend that Petitioner's *in forma pauperis* request be denied.

[2] We note that since Petitioner is an inmate at USP-Allenwood, this Court has jurisdiction over his Petition. *See Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2718, 2722 (2004) (habeas jurisdiction rests in the district of confinement).

We now give preliminary consideration to the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).[3]

**I. Background**.

Following a jury trial in the United States District Court for the Eastern District of Virginia, the Petitioner was convicted of 12 counts of an Indictment for unspecified offenses. Petitioner was also convicted of Count 14, namely possession with intent to distribute 109.7 grams of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b).[4] On July 29, 1996, Petitioner was sentenced on the 12 counts of the stated offenses to an aggregate term of life imprisonment/25 years. (Doc. 1, p. 2). On Count 14, Petitioner was sentenced to 5 years imprisonment. (*Id*.). Petitioner essentially only challenges his latter 5-year sentence, and he contends that the sentencing judge failed to apply an exception in the statute under which he was sentenced, which should have made his sentence on Count 14 one year, as opposed to the 5-year sentence that he received on Count 14.[5]

---

[3] Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

[4] Petitioner attaches a copy of Count 14 of his Indictment to his Habeas Petition.

[5] In light of Petitioner's sentence of "Life/25 years" with respect to his conviction of the 12 counts, we fail to see how Petitioner's present dispute over a consecutive 5-year sentence will significantly reduce the duration of Petitioner's present confinement. In any event, as discussed below, we find that § 2255 is Petitioner's recourse with respect to his instant habeas

Thereafter, Petitioner appealed his judgment and conviction to the United States Court of Appeals for the Fourth Circuit. (Doc. 1, p. 3). Petitioner's judgment and conviction were affirmed by the United States Court of Appeals for the Fourth Circuit on March 5, 1998. (Doc. 1, p. 3). See 139 F. 3d 896 (4th Cir. 1998). Petitioner did not file a petition for writ of *certiorari* to the United States Supreme Court. Thus, Petitioner's conviction is now final. Petitioner did not file a motion under § 2255 with respect to his judgment of sentence prior to filing the present Habeas Petition. (*Id.*, p. 5).

Subsequently, in March 2006, 8 years after the Fourth Circuit affirmed his judgment of conviction, while Petitioner was serving his federal sentence, Petitioner filed the instant Habeas Petition. Petitioner claims that "a mistake was made by the sentencing judge" when the judge "overlooked the exception" to his sentence for his Count 14 conviction for violation of § 841, and sentenced him to 5 years instead of one year. (*Id.*, p. 6 & supplemental page 1). Specifically, Petitioner states as follows:

> Petitioner committed a violation under Subsection (a) of 841; (2) Petitioner was convicted for possession with the intent to distribute; (3) it was a small amount of marijuana; and (4) Petitioner did not receive remuneration from the marijuana, in accordance with the exception in 21 U.S.C. § 841(B)(1)(D)(4).

(*Id.*, p. 4).

Therefore, Petitioner states that his sentence on Count 14 should have been treated as provided by 21 U.S.C. § 844, which would have required the Court to impose a one-year sentence.

---

claim.

Petitioner states that his habeas claim is not based on new evidence or on an intervening change in the law.  Rather, he states that the sentencing judge made a mistake as to his sentence on Count 14, "and therefore cause and prejudice is absent for this claim to heard on a section (sic) § 2255 motion." (*Id.*, p. 6).

As stated, Petitioner indicates that he did not file a Motion to Vacate (§ 2255) with the sentencing District Court, Eastern District of Virginia, with respect to his present habeas claim.  (*Id.*, pp. 5-6).  Petitioner seemingly states that a § 2255 motion is ineffective to address his claim that the sentencing judge did not apply the exception under § 841(b)(1)(d)(4) with respect to sentencing him on his § 841(a) conviction.

Petitioner should have filed with the sentencing District Court a § 2255 motion with respect to his July 1996 sentence on Count 14.  Petitioner claims that cause and prejudice are absent from his claim so that the District Court which imposed his sentence could not hear his claim under § 2255.  Thus, we construe Petitioner as arguing that § 2255 is inadequate and ineffective to challenge the legality of his sentence on Count 14.  We disagree with Petitioner and find that § 2255 is indeed Petitioner's remedy, especially since he has not even attempted to file such motion.  Petitioner's recourse is to file a § 2255 motion and raise his present claim that the exception applied to him under § 841(b)(1)(d)(4) with respect to his Count 14 sentence.  In fact, we find that a claim like Petitioner's is precisely the type of sentencing claim that should be raised *via* § 2255 with the sentencing court.

As mentioned, having never filed a § 2255 motion with the sentencing court, Petitioner filed the instant Petition for Writ of Habeas Corpus in this Court over 8 years after his judgment of

4

conviction was affirmed, seeking to vacate his Eastern District of Virginia 5-year sentence on Count 14. Petitioner seeks to have this Court vacate his five-year sentence and impose a one-year sentence on Count 14. As stated, Petitioner should have filed a motion pursuant to 28 U.S.C. § 2255 with the sentencing court seeking to challenge his sentence on Count 14 based solely on the issue as to whether the exception under § 841(b)(1)(d)(4) applied in his case. We find that § 2255 is Petitioner's recourse to raise his stated ground to vacate his 5-year Count 14 sentence.

Petitioner states that he did not challenge his Count 14 sentence based on his claim that the exception in § 841(b)(1)(d)(4) applied to him before the District Court in a § 2255 motion. Petitioner now states that he is raising this claim for the first time, and that § 2255 is somehow inadequate or ineffective. Petitioner asserts that he lacks a remedy in the sentencing court and that he has a legitimate challenge to his Count 14 sentence with this Court in his Habeas Petition due to the alleged mistake made by the sentencing judge, and absence of cause and prejudice. (Doc. 1, p. 6). Petitioner did not present his claim to the sentencing court. He claims that a § 2241 habeas petition is his recourse.

As mentioned, Petitioner directly appealed his July 1996 judgment and conviction to the United States Court of Appeals for the Fourth Circuit, and his judgment and conviction were affirmed. (Doc. 1, p. 3). Petitioner did not file a Motion to Vacate pursuant to 28 U.S.C. § 2255 in the United States District for the Eastern District of Virginia. Petitioner then filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania on March 21, 2006, over 8 years after his judgment and conviction were affirmed. We find that Petitioner should have raised his stated claim before the

sentencing court. Petitioner clearly knew of his claim that the exception under § 841(b)(1)(d)(4) was not applied in his case at the time of his July 1996 sentencing. Thus, we find no merit to Petitioner's claim that § 2255 is inadequate or ineffective giving him no remedy with the sentencing court. The sentencing court clearly could have considered Petitioner's present claim that his sentence on Count 14 should have only been one year and not 5 years.

## II. Discussion.

Petitioner filed the present Habeas Petition pursuant to 28 U.S.C. §2241, arguing that Section 2255 is inadequate and ineffective based upon the alleged mistake of the sentencing judge by not applying the exception under § 841(b)(1)(d)(4) to his sentence on Count 14. We find that Petitioner's § 2241 Petition challenging his 5-year sentence on Count 14 should be dismissed for lack of jurisdiction since § 2255 is his remedy.[6]

Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." A motion under Section 2255 is "inadequate or ineffective" only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full

---

[6]This Court has stated in other § 2241 habeas petitions that "to the extent Petitioner seeks to challenge his sentence under *Apprendi*, the proper vehicle would be to seek permission to do so *via* a § 2255 petition with the sentencing court." *Harris v. Williamson*, Civil No. 3:04-1227, M.D. Pa., July 22, 2004, at p. 4 (J. Nealon). As stated, in the present case, the Petitioner has not attempted to file a § 2255 motion with respect to his stated claim.

hearing and adjudication of his claim of wrongful detention." *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) (*per curiam*) (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)).  The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See Id.; Cagle v. Ciccone*, 368 F.2d 183, 184 (8th Cir. 1966).  The fact that a prior Section 2255 motion filed in the sentencing court was denied is insufficient to show that the Section 2255 remedy is inadequate or ineffective.  *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied,* 488 U.S. 982 (1988); *Litterio v. Parker*, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam).  "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative. . ." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986).

Moreover, the United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under Section 2255, which we find Petitioner's to be, a motion under Section 2255 "supersedes habeas corpus and provides the exclusive remedy." *Strollo v. Alldredge*, 409 U.S. 1046 (1972).  As noted in *Litterio*, lack of success does not by itself entitle Petitioner to review of his habeas corpus petition.  The Third Circuit stated in *Okereke v. U.S.*, 307 F. 3d 117, 120 (3d Cir. 2002), *cert. denied,* 123 S.Ct. 572 (2002), that "[m]otions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." (Citation omitted).

Clearly, the stated claim Petitioner presents in this Petition, challenging his 5-year sentence on Count 14 and seeking this Court to vacate it and impose a one-year sentence, is clearly within the purview of §2255.  Further, Petitioner did not even file a § 2255 motion with respect to his

sentence on Count 14. Petitioner's claim that the sentencing judge made a mistake on his sentence on Count 14 does not render § 2255 inadequate or ineffective. Petitioner clearly could have raised his instant claim in a § 2255 motion. We find that Petitioner's recourse is to file a motion under 28 U.S.C. § 2255 with respect to his July 1996 5-year sentence on Count 14.

With regard to the Petitioner's argument that he fell squarely within the exception under § 841(b)(1)(d)(4) and that his sentence sentence on Count 14 should have been one-year, as discussed, we find that this is clearly an issue that is to be raised in a § 2255 petition. The Petitioner must seek his relief *via* that vehicle. *Okereke, supra.*

In this case, especially in light of the fact that the Petitioner has not filed a §2255 motion regarding his sentencing on Count 14, he does not demonstrate a personal inability to utilize this remedy. Even if he did file a previous §2255 motion as to his 5-year sentence, he would not have established the inadequacy or ineffectiveness of the remedy itself. *See Berry v. Lamer*, Civil No. 96-1678, *slip op* at 13-14 (M.D. Pa. April 30, 1997) (Kosik, J.) (finding that existence of two orders from circuit court warning petitioner that no other submission shall be filed or entertained in his case, did not render his remedy by way of Section 2255 motion inadequate or ineffective); *Holland v. Harding*, Civil No. 95-0870, *slip op* at 4 (M.D. Pa. Nov. 21, 1995) (McClure, J.) (holding that entering into a sentencing agreement wherein the right to challenge the conviction or sentence by direct appeal or by Section 2255 motion is waived does not render a Section 2255 motion inadequate or ineffective); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) (denying motion for certification to file a second Section 2255 petition without prejudice to petitioner filing a Section 2241 habeas corpus petition because passage of a subsequent law may negate the crime

of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.").

We find that the present Habeas Petition should be dismissed for lack of jurisdiction. In the case of *Okereke,* 307 F. 3d at 120, the Third Circuit held that a petitioner's case did not fit within the narrow exception of *In re Dorsainvil* on the basis that *Apprendi* was an intervening change in the law that petitioner could not have predicted and used as the ground of a §2255 motion. The Court further stated that, "[u]nlike the intervening change in law in *In re Dorsainvil* that potentially made the crime for which that petitioner was convicted non-criminal, *Apprendi* dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal. Accordingly, under our *In re Dorsainvil* decision, § 2255 was not inadequate or ineffective for Okereke to raise his *Apprendi* argument." *Id*. at 120-121. In the present case, Petitioner's claim deals with sentencing, and it does not render possession with intent to distribute marijuana, the crime in Count 14 for which Petitioner was convicted, not criminal.

Accordingly, we shall recommend that Petitioner's Habeas Corpus Petition be dismissed for lack of jurisdiction without directing service of it on Respondent.

**III.  Recommendation.**

Based upon the foregoing, it is respectfully recommended that the Petition be dismissed.

>        **s/ Thomas M. Blewitt**
>        **THOMAS M. BLEWITT**
>        **United States Magistrate Judge**

**Dated: March 30, 2006**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT LEE WINFIELD, JR., | : | CIVIL ACTION NO. **3:CV-06-0583** |
| Petitioner | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **March 30, 2006.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                    **s/ Thomas M. Blewitt**
                                    **THOMAS M. BLEWITT**
                                    **United States Magistrate Judge**

**Dated: March 30, 2006**