IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEE WINFIELD, JR.,
          Petitioner

   v.

UNITED STATES OF AMERICA,
          Respondent

No. 3:06cv583

(Judge Munley)

## MEMORANDUM

Before the court for disposition is the report and recommendation of Magistrate Judge Thomas M. Blewitt, which recommends the dismissal of Robert Lee Winfield Jr's ("petitioner") habeas corpus petition. The petitioner has filed objections to the report and recommendation, and it is ripe for disposition.

**Background**

The United States District Court for the Eastern District of Virginia convicted the petitioner of twelve counts of an indictment for offenses that are unspecified in the instant petition.[1] The court also convicted petitioner of Count 14, possession with intent to distribute 109.7 grams of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b).

The court sentenced petitioner on July 29, 1996 on the 12 counts to an aggregate term of life imprisonment/25 years. (Doc. 1, p. 2). On Count 14, the court sentenced petitioner to five (5) years of imprisonment.

Petitioner appealed his judgment and conviction to the United States Court

---

[1] According to an unpublished opinion of the Fourth Circuit Court of Appeals, the criminal case arose out of a cocaine-based conspiracy operating in Portsmouth, Virginia between 1993 and 1995. United States v. Williams, Nos. 96-4648 through 96-4652, 1998 WL 120116, at *1 (4th Cir. March 5, 1998). The jury convicted petitioner of participation in a continuing criminal enterprise, murder and attempted murder during the course of the continuing criminal enterprise, conspiracy to distribute cocaine base, and other offenses related to the use of firearms and cocaine base trafficking. Id.

of Appeals for the Fourth Circuit. (Doc. 1, p. 3). The Fourth Circuit affirmed the petitioner's judgment and conviction on March 5, 1998. (Doc. 1, p.3); <u>United States v. Winfield</u>, 139 F.3d 896 (4th Cir. 1998) (table). Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, and he did not file a motion to vacate, alter or amend sentence pursuant to 28 U.S.C. § 2255 with the trial court.

Eight years after the Circuit Court affirmed his judgment and conviction, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] Petitioner claims that the sentencing judge erred by overlooking an exception to his Count 14 sentence, and his five-year sentence on that count should have only been one year. Upon preliminary consideration of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (applicable to § 2241 petitions under Rule 1(b)), Magistrate Judge Blewitt recommends dismissing the case for lack of jurisdiction. Petitioner has filed objections to that recommendation bringing the case to its present posture.

**Standard of review**

In disposing of objections to a magistrate's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); <u>see also</u> <u>Henderson v. Carlson</u>, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the

---

[2] Petitioner is currently incarcerated at United States Penitentiary - Allenwood, located within the Middle District in White Deer, Pennsylvania. (Doc. 1, p. 2).

2

matter to the magistrate with instructions. Id.

**Discussion**

With regard to habeas corpus petitions filed pursuant to 28 U.S.C. § 2241, the law provides:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rule 4 of the Rules Governing Section 2254 Cases in U.S. District Courts, 28 U.S.C. foll. § 2254 (applicable to § 2241 petitions under Rule 1(b)).

It plainly appears from the instant petition that petitioner is not entitled to relief, and therefore, it shall be dismissed.

The presumptive means for a prisoner in custody under a federal sentence, such as the petitioner, to challenge his conviction or sentence is to bring a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. Davis v. United States, 417 U.S. 333, 343 (1974); 28 U.S.C. § 2255.[3] Petitioner, however, has filed his motion in this district, not the sentencing district, and has filed the petition pursuant to 28 U.S.C. § 2241.

A federal prisoner may proceed under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir.1997). "A § 2255

---

[3] "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claims." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or the petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive section 2255 motion. See Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002); see also Cradle, 290 F.3d at 539. Indeed, a section 2255 motion is considered "inadequate or ineffective" in only rare circumstances, such as when an intervening change in the law decriminalizes the crime for which the petitioner was convicted. Id. at 120.

The issue raised by the petitioner, that the sentencing court erred in sentencing him, is precisely the type of issue that may be raised in a section 2255 petition. In fact, section 2255 specifically provides a means for relief for a federal prisoner claiming that his sentence was in violation of the laws of the United States, as the petitioner does. 28 U.S.C. § 2255.

Petitioner never filed a section 2255 motion although he now attempts to proceed pursuant to a petition for a writ of habeas corpus under section 2241 asserting that a section 2255 motion is inadequate. He explains that the section 2255 motion is inadequate because he never received a complete copy of his trial transcripts. We are unconvinced. Petitioner has presented no reason why a section 2255 motion could not adequately address the merits of his claim. While he may face significant procedural obstacles in presenting his claim to the sentencing court, such procedural obstacles do not render section 2255 ineffective or inadequate.   Okereke, 307 F.3d at 120-21.

Thus, we will adopt the magistrate judge's report and recommendation and

dismiss the instant section 2241 petition for a writ of habeas corpus. An appropriate order follows. [4]

---

[4] Petitioner has also filed a motion to amend and supplement his section 2241 petition. This motion will be denied as moot. Petitioner attempts with this motion to establish that a section 2255 motion is ineffective or inadequate. The motion, however, merely sets forth various documents from his criminal case file that he has received from his counsel. It does not establish that a section 2255 motion is inadequate or ineffective.

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEE WINFIELD, JR.,
     Petitioner

v.

UNITED STATES OF AMERICA,
     Respondent

No. 3:06cv583

(Judge Munley)

## ORDER

**AND NOW**, to wit, this 26th day of April 2006, it is hereby **ORDERED** as follows:

1) Magistrate Judge Thomas M. Blewitt's report and recommendation (Doc. 4) is hereby **ADOPTED**;

2) The petitioner's objections (Doc. 5) are **OVERRULED**;

3) The petitioner's motion to amend (Doc. 6) is **DENIED**;

4) Because of our disposition of this case, we decline to issue a certificate of appealability;

5) The Clerk of Court is directed to close this case.

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court